IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

TONNIE FLOYD
:  Petitioner

v. : Criminal No. DKC 13-0047
Civil Action No. DKC 16-1953

UNITED STATES OF AMERICA
:  Respondent

**MEMORANDUM OPINION**

Petitioner Tonnie Floyd was charged in six counts of the third superseding indictment with (count 1) conspiracy to interfere with interstate commerce by robbery (October 26, 2012), (count 2) interference with interstate commerce by robbery, (count 3) brandishing and discharging a firearm during and in relation to a crime of violence charged in counts one and two, (count 4) carjacking, (count 5) brandishing and discharging a firearm during and in relation to a crime of violence charged in count four, and (count 6) interstate transportation of stolen vehicle. He pleaded guilty to counts 2, 3, and 4; counts 1, 5, and 6 were dismissed. He now contends that his conviction on count 3 must be vacated, and he should be resentenced on count 2 and 4.[1] For the following reasons, the motion will be denied.

---

[1] The original Motion to Vacate Judgment Under 28 U.S.C. §2255 filed June 7, 2016, (ECF No. 253), was stayed for quite some time pending various appellate decisions. Petitioner moved to supplement on July 22, 2019, (ECF No. 307), and the stay was lifted. The motion to supplement will be granted. The government

Count Three reads as follows:

> On or about October 26, 2012, in the District of Maryland, the defendants, TONNIE FLOYD, MARCELLUS RAMONE FREEMAN, a/k/a/ Derrick Relando Pitts, and ANTHONY TERRELL CANNON, did knowingly, intentionally and unlawfully use, carry, brandish, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, to wit: conspiracy to obstruct, delay, and affect commerce by robbery, and obstructing, delaying, and affecting commerce by robbery, in violation of 18 U.S.C. § 1951(a), as set forth in Counts One and Two of this Third Superseding Indictment, which are incorporated here.

Count Two reads as follows:

> On or about October 26, 2012, in the District of Maryland, the defendants, TONNIE FLOYD, MARCELLUS RAMONE FREEMAN, a/k/a Derrick Relando Pitts, and ANTHONY TERRELL CANNON, did knowingly and unlawfully obstruct, delay and affect and attempt to obstruct, delay and affect commerce by robbery, as those terms are defined in Title 18, United States Code, Section 1951, in that the defendants did unlawfully take and obtain personal property, including approximately $3,911 in United States currency, from the person and presence of a Garda employee, against their will by means of actual and threatened force,

---

responded to the supplemented motion, (ECF No. 313), and Petitioner filed a reply. (ECF Nos. 314, 315.) Counsel filed supplemental correspondence. (ECF Nos. 316, 317, and 318.)

> violence, and fear of injury, immediate and future, to the Garda employee.

The statement of facts in support of the plea specified in part that:

> On October 26, 2012, perpetrators including FLOYD and co-defendants obtained and were in possession of a Jeep Cherokee that had been stolen on the same date. Perpetrators including FLOYD and co-defendants traveled in the Jeep Cherokee and followed a Garda armored transport vehicle to the Cricket store . . . The perpetrators, including FLOYD and co-defendants, were in possession of firearms to be used during the planned robbery. A Garda employee ("Victim-1") exited the armored truck, went into the Cricket store and picked up a bag containing $3,911 in U.S. currency. As Victim-1 was going back to the armored truck, he was confronted by two perpetrators with firearms. Victim-1 dropped the money bag and at least one perpetrator discharged a firearm in an attempt to shoot Victim 1. Gunfire was returned from Victim-1. One of the perpetrators picked up the money bag and ran back to the stolen Jeep that was parked nearby. As the perpetrators, including FLOYD and co-defendants, drove away, Victim-1 continued to fire his handgun at the Jeep, with shots striking a tire and the back window. FLOYD was wounded in the posterior left shoulder during the gunfire.

(ECF No. 130-1, at 1.) Because of recent appellate decisions in the wake of *Johnson v. United States*, 135 S.Ct. 2551 (2015), the conspiracy to commit a Hobbs Act robbery charged in count one cannot be a predicate crime of violence for a 924(c) conviction,

while the Hobbs Act robbery charged in count two still qualifies. Mr. Floyd contends that it cannot be determined categorically that his conviction on count three was not based on count one, and, as a result, that conviction must be vacated. The government disagrees, and argues that the 924(c) conviction was based on both underlying crimes and thus, because one of them still qualifies as a crime of violence, the 924(c) conviction need not be disturbed.

Several district courts in the Fourth Circuit have rejected claims like those made by Mr. Floyd. For example, in *United States v. Taylor*, 2019 WL 4018340 *5 (E.D.Va. August 26, 2019), Judge Lauck concluded that:

> Taylor's conviction remains valid after *Johnson* and its progeny because it was predicated on attempting to aid and abet Hobbs Act robbery charged in Count Six. *See United States v. Doyle*, No. 2:18cr177, 2019 WL 3225705, at *3-4 (E.D.Va. July 17, 2019)(finding § 924(c) conviction valid when based on both conspiracy to commit Hobbs Act robbery and Hobbs Act robbery); *cf. United States v. Hare*, 820 F.3d 93, 105-06 (4th Cir. 2016)(explaining that "the court need not reach the merits of this argument . . . [because]" a § 924(c) conviction predicated on *both* conspiracy to commit Hobbs Act robbery and in furtherance of a drug trafficking crime is not affected by *Johnson*.)

*See also United States v. Porcher*, 2019 WL 4014732 *6 (D.S.C. August 26, 2019). Although the Fourth Circuit has not yet spoken

4

on this precise issue, other appellate courts have. *See In re Navarro*, 931 F.3d 1298, 1302-04 (11th Cir. 2019); *United States v. Ventura*, 742 F.App'x 575, 578 (2d Cir. 2018).

Petitioner attempts to avoid this result by insisting that it is not appropriate to try to discern whether his 924(c) conviction was premised on one, the other, or both of the alleged predicate offenses, citing *United States v. Vann*, 660 F.3d 771 (4th Cir. 2011, and *United States v. Chapman*, 666 F.3d 220 (4th Cir. 2012). He also cites to out of circuit cases, *United States v. Horse Looking*, 828 F.3d 744 (8th Cir. 2016); *United States v. Kennedy*, 881 F.3d 14 (1st Cir. 2018), and *In re Gomez*, 830 F.3d 1225 (11th Cir. 2016); and a trial court decision, *United States v. Lettiere*, 2018 WL 3429927 (D.Mont. July 16, 2018). All of those cases either were answering other questions or presented different circumstances, such as a general jury verdict and not a guilty plea.

While the charging language of count three alleged that the firearm was brandished and discharged in connection with both the conspiracy and the actual robbery, there is no ambiguity in the record that the actual robbery in count two supported the firearm conviction. Petitioner pled guilty to count two, and the facts unequivocally support that conviction. The guideline stipulations

in the plea agreement included the recognition that, for count two, there would be no enhancement for brandishing and discharging a firearm because he was also pleading to the 924(c) charge. (ECF No. 130, at 4.) The presentence report confirmed that conclusion in the guideline calculation for count two: "Since a firearm was used, carried, brandished, or discharged in this offense pursuant to U.S.S.G. §2B3.1(b)(2)(A), an enhancement would ordinarily be applied; however, pursuant to U.S.S.G. §2K2.4, Application Note 4, no weapon enhancement should be applied because the defendant is also pleading guilty to a violation of 18 U.S.C. §924(c)." (ECF No. 160, at 7.) The record may also support a finding that the firearm was brandished during and in relation to the conspiracy charged in count one, but that is of no moment. There is no possibility that the 924(c) conviction rests on the conspiracy charge in count one alone. Accordingly, the motion to vacate will be denied.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is also required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th

Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). Upon review of the record, the court finds that Petitioner has not satisfied the above standard. Accordingly, a certificate of appealability will not issue.

                                                              /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge